**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SERGIO VELAZQUEZ-AGUILERA,
a/k/a Luis Alberto Aguilera-Velazquez,

    Defendant - Appellant,

No. 20-1107
(D.C. No. 1:18-CR-00327-RBJ-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

Sergio Velazquez-Aguilera appeals the mandatory minimum 120-month prison

sentence imposed following his guilty plea for conspiracy to distribute or possess

with the intent to distribute fifty grams or more of methamphetamine, in violation of

21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846.  Exercising jurisdiction under

28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

   [*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I

This appeal addresses two disputes that arose at Velazquez-Aguilera's sentencing: (1) whether the district court should apply the base offense level for methamphetamine actual or methamphetamine mixture and (2) whether the district court had authority to impose a sentence below the mandatory minimum.

The Sentencing Guideline for methamphetamine is based on the purity of the substance and results in a ten-to-one ratio for crimes involving methamphetamine actual versus methamphetamine mixture. See U.S. Sent'g Guidelines Manual (U.S.S.G.) § 2D1.1(a)(5), (c) & Note (B) to Drug Quantity Table (U.S. Sent'g Comm'n 2018). It sets a base offense level of thirty-four for crimes involving between five and fifteen kilograms of methamphetamine mixture and a base offense level of thirty-eight for crimes involving 4.5 kilograms or more of methamphetamine actual. See id. § 2D1.1(c)(1), (3).

The Presentence Investigation Report recommended a base offense level of thirty-eight because Velazquez-Aguilera was found to be in possession of over nine kilograms of methamphetamine actual. Velazquez-Aguilera objected and asked the court to use the lower base offense level for methamphetamine mixture instead of the one for methamphetamine actual. He contended that the distinction between methamphetamine mixture and methamphetamine actual is not based on empirical evidence and results in unwarranted sentencing disparities between methamphetamine and other equally harmful drugs. He cited to United States v. Pereda, in which another judge in the same district used the base offense level for

2

methamphetamine mixture when sentencing a defendant convicted of a crime involving methamphetamine actual based on these policy disagreements and disparity concerns. No. 18-CR-00228-CMA, 2019 WL 463027, at *3-5 (D. Colo. Feb. 6, 2019). He argued that the court should not create within-district sentencing disparities by using the higher base offense level.

The district court overruled Velazquez-Aguilera's objection and used the higher base offense level, noting that he pled guilty to a crime involving methamphetamine actual. The court indicated it would not "lightly" depart from the Sentencing Commission's distinction between mixture and actual. It explained why it disagreed with Velazquez-Aguilera's argument for rejecting what it concluded was a "valid" distinction and "applaud[ed]" the Guideline treatment of offenses involving methamphetamine more harshly than those involving other drugs because it is "a terribly addictive and destructive narcotic." Finally, the court acknowledged Pereda, but "respectfully disagree[d] with" the judge's decision in that case and declined to use the lower base offense level in determining Velazquez-Aguilera's sentence.

After ruling on the parties' other motions, including the government's motion for a downward departure under U.S.S.G. § 5K1.1, the court turned to Velazquez-Aguilera's request that the court impose a sentence below the statutory minimum based on the sentencing factors set forth in 18 U.S.C. § 3553(a). Velazquez-Aguilera argued the court had authority to grant a downward variance based on the § 3553(a) factors before granting a § 5K1.1 departure to arrive at a below-minimum sentence. Relying on United States v. A.B., 529 F.3d 1275, 1285 (10th Cir. 2008) and

3

18 U.S.C. § 3553(e), the court concluded it lacked authority to impose a sentence below the mandatory minimum without the government's agreement.

Velazquez-Aguilera filed this timely appeal arguing that his sentence is procedurally and substantively unreasonable and that the district court erred in concluding that it lacked authority under A.B. to impose a sentence below the mandatory minimum.

**II**

The government argues that the appeal waiver in Velazquez-Aguilera's plea agreement bars him from appealing the substantive reasonableness of his sentence and whether the district court had the authority to sentence him below the mandatory minimum. Based on the plain language of the agreement, we conclude that Velazquez-Aguilera did not waive his right to challenge the substantive reasonableness of his sentence but did waive his right to appeal the mandatory minimum issue.

When the government seeks to enforce a waiver, we must determine "whether the disputed appeal falls within the scope of the waiver of appellate rights." United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). "Waivers of appellate rights in a plea agreement are to be construed narrowly" and "[i]n determining their scope, any ambiguity will be read against the government and in favor of the defendant's appellate rights." United States v. Porter, 905 F.3d 1175, 1178-79 (10th Cir. 2018) (brackets and quotation omitted).

The appeal waiver in Velazquez-Aguilera's plea agreement bars an appeal of his sentence, including the manner in which it was determined. The agreement carves out several exceptions to the appeal waiver, however, and one of them provides that the government "agrees that, in the event the [district court] applies the Base Offense Level applicable to methamphetamine actual, the defendant reserves the right to appeal the issue to the 10th Circuit Court of Appeals." The government contends that this agreement permits Velazquez-Aguilera to challenge whether the district court erred in deciding to use the higher base offense level, but not whether doing so resulted in sentencing disparities that rendered his sentence substantively unreasonable. We disagree. The reservation of rights does not parse which issues related to the base-offense-level determination are appealable and which are not—it simply states that Velazquez-Aguilera retained the right to appeal the court's application of the base offense level for methamphetamine actual. Because Velazquez-Aguilera's argument that application of the higher base offense level resulted in unwarranted sentencing disparities necessarily stems from the court's base-offense-level determination, the reservation of rights covers that issue.

We agree with the government, however, that the appeal waiver bars Velazquez-Aguilera's challenge to the district court's conclusion that it lacked authority to impose a sentence below the mandatory minimum. That issue is not related to the court's base-offense-level determination, so it is not covered by the reservation of rights, and Velazquez-Aguilera does not point to any other exception

5

to the appeal waiver that might apply to the mandatory-minimum issue.  Accordingly, the issue is barred, and we will not consider it.

**III**

Velazquez-Aguilera argues that his sentence was (1) procedurally unreasonable because the district court used the higher base offense level in calculating his applicable Guidelines range and (2) substantively unreasonable because the district court thereby created unwarranted sentencing disparities, including with another judge in the same district.  See Pereda, 2019 WL 463027, at *3-5.

We review the reasonableness of sentences for abuse of discretion.  Gall v. United States, 552 U.S. 38, 51 (2007).  A court abuses its discretion when the judgment rendered "is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation omitted). Procedural reasonableness involves "whether the district court committed any error in calculating or explaining the sentence."  Id.  "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in . . . § 3553(a)."  United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007).

Velazquez-Aguilera's sentence was procedurally reasonable.  Though the district court had the discretion to vary from the Guidelines based on the policy considerations raised by Velazquez-Aguilera, it was not required to do so.  See Kimbrough v. United States, 552 U.S. 85, 101 (2007) (Sentencing courts "may vary

6

from Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines" (brackets and quotation omitted)). As we held in a similar context, "a sentence is not rendered unreasonable merely because of a district court's refusal to deviate from the advisory guideline range" based on disagreements with the policies underlying a particular Guideline provision. United States v. McCullough, 457 F.3d 1150, 1171 (10th Cir. 2006) (rejecting a challenge to a sentence based on a policy disagreement with Guidelines' distinction between crack and powder cocaine); see also United States v. Wilken, 498 F.3d 1160, 1172 (10th Cir. 2007) (holding that unless Congress "remove[s] prior drug offenses as qualifiers for the career offender provision," a district court does not abuse its discretion by refusing to deviate from the advisory guideline range based on a policy disagreement). Here, the district court considered the policy considerations raised by Velazquez-Aguilera and explained its reasons for declining to grant a downward variance. Velazquez-Aguilera's disagreement with the court's discretionary decision does not establish that the court "committed any error in calculating or explaining [its] sentence." Friedman, 554 F.3d at 1307. Accordingly, Velazquez-Aguilera's sentence was procedurally reasonable.

Velazquez-Aguilera's sentence was also substantively reasonable, even though it conflicted with the decision of another judge in the same district. Section 3553(a)(6) of the Guidelines directs sentencing courts to avoid "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." However, the desire to avoid sentencing disparities is only one of the factors courts must balance in arriving at an appropriate sentence,

7

United States v. Martinez, 610 F.3d 1216, 1228 (10th Cir. 2010), and "disparate sentences are allowed where the disparity is explicable by the facts on the record." United States v. Davis, 437 F.3d 989, 997 (10th Cir. 2006) (quotation omitted).[1] Moreover, as noted above, though sentencing courts are allowed to deviate from the Guidelines based on policy considerations, they are not required to do so simply because other judges in the same district have. See United States v. Heim, 941 F.3d 338, 340-41 (8th Cir. 2019) (rejecting procedural and substantive reasonableness challenges to district court's decision not to grant a downward variance based on policy disagreements with the methamphetamine actual/mixture disparity despite other judges in same judicial district having done so); see also Kimbrough, 552 U.S. at 107-08 (recognizing that while "uniformity remains an important goal of sentencing," some "variations among district courts" is inevitable). For these reasons, the district court's decision to follow the Guidelines rather than Pereda did not render the imposed sentence substantively unreasonable.

**IV**

For the foregoing reasons, the sentence is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] Velazquez-Aguilera's disparity argument is based solely on the methamphetamine actual/mixture distinction. He does not attempt to establish that he and any other defendant whose sentence was calculated using the lower base offense level, including the defendant in Pereda, had similar factual circumstances.